Danielle L. Ochs, State Bar No. 178677
dot@ogletreedeakins.com
Becki D. Graham, State Bar No. 238010
becki.graham@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415.442.4810
Facsimile:   415.442.4870

Attorneys for Plaintiff
COOPER INTERCONNECT, INC.

Harry A. Olivar, Jr., State Bar No. 143089
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
Telephone:  213.443.3000
Facsimile:   213.443.3100

Attorneys for Defendants
BRIAN BROWN and GLENAIR, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER INTERCONNECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLENAIR, INC.; BRIAN BROWN, an individual; and DOES 1-10, <br><br> Defendants. | Case No. CV14-08018 RGK (JCx) <br><br> **ORDER GRANTING STIPULATION REGARDING PROTECTIVE ORDER** <br><br> [CHANGES MADE BY COURT TO PARAGRAPHS 3, 5.2(B), 6.1, 6.3, 7.1, 8(C), AND 9(C)] |

Case No. CV14-08018 RGK (JCx)
**ORDER GRANTING STIPULATION
REGARDING PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties, by and among their respective counsel, stipulate to the terms set forth herein and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the Court's Pilot Program for Filing Documents Under Seal set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  The "CONFIDENTIAL" information shall be limited to information which the designating party or non-party believes in good faith contains or constitutes confidential business, personal, or financial information including, for example, information concerning business processes or operations, trade secrets, profits, losses or expenditures, personal information protected by a right to privacy, information about non-parties that a party has an obligation to protect as confidential, and competitively sensitive non-public market or financial information, the disclosure of which would be harmful to the

disclosing party.

2.3 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery, including third-party discovery, in this matter.

2.5 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 <u>Outside Counsel</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.  Outside Counsel also includes counsel who are employees of a party who are advising the party regarding this action.

2.9 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support

staffs).

      2.10   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

      2.11   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      2.12   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.13   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel (other than in open court proceedings, e.g., hearings, trial) that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without

3    Case No. CV14-08018 RGK (JCx)
**ORDER GRANTING STIPULATION**
**REGARDING PROTECTIVE ORDER**

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

A Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents (including, without limitation, tiff files, native files, and other electronically produced data), but excluding transcripts of depositions or other pretrial

1  or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that
3  contains protected material and/or in the case of documents produced in "native"
4  format or in another electronic format in which each page cannot be marked, include
5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY," in the file name of each such file.  However, each page of any print out or
7  other replication of such electronic document that is reasonably capable of bearing a
8  legend on individual pages must be affixed with the legend "CONFIDENTIAL" or
9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or
10 portions of the material on a page qualifies for protection, the Producing Party also
11 must clearly identify the protected portion(s) (e.g., by making appropriate markings in
12 the margins and/or in the case of documents produced in "native" format or in another
13 electronic format in which each page cannot be marked, by specifying in a separate
14 document) and must specify, for each portion, the level of protection being asserted.

15      A Party or Non-Party that makes original documents or materials available for
16 inspection need not designate them for protection until after the inspecting Party has
17 indicated which material it would like copied and produced.  During the inspection and
18 before the designation, all of the material made available for inspection shall be
19 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
20 inspecting Party has identified the documents it wants copied and produced, the
21 Producing Party must determine which documents, or portions thereof, qualify for
22 protection under this Order.  Then, before producing the specified documents, the
23 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains
25 Protected Material.  If only a portion or portions of the material on a page qualifies for
26 protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,
27 by making appropriate markings in the margins) and must specify, for each portion, the
28 level of protection being asserted.

(b)    for testimony given in deposition, that the Designating Party identify those portions of the testimony that are appropriately designated for protection either on the record or within 21 days after the testimony is provided.  Alternatively, if warranted by the nature of the testimony, a Designating Party may specify, at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

   5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

  6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the court's scheduling order(s).  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion pursuant to Local Rules 37-1, et seq., challenging a confidentiality designation at any time consistent with the court's scheduling order(s) if there is good cause for doing so.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  While a motion is pending, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

    7.  ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL"

only to:

  (a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel;

  (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the court and its personnel;

  (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information so long as they have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto at Exhibit A.  (For avoidance of doubt, word processors, messengers, secretarial personnel, litigation and technical support, IT personnel, mail room personnel, and the like, who are not assigned to this matter but nonetheless may have infrequent and irregular contact with certain confidential materials in some form, are not each required to sign "Exhibit A");

    (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    the court and its personnel;

    (d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

    (a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered

by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

        (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1.    notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  3. make the information requested available for inspection by the Non-Party.

 (c) If, within 14 days of receiving the notice and accompanying information, the Non-Party fails to object, to seek a protective order from this court, or, where applicable, to commence the Local Rule 37-1, et seq. procedure called for by Local Rule 45-1, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects, seeks a protective order, or, where applicable, commences the Local Rule 37-1, et seq. procedure called for by Local Rule 45-1, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

In the event of an inadvertent disclosure of allegedly privileged or otherwise

protected information, the Disclosing Party may provide notice in writing to the Receiving Party or Parties advising of the inadvertent disclosure, requesting return or destruction of the allegedly privileged or otherwise protected information, and asserting the basis of the request.  Upon such notice, the Receiving Party or Parties shall make no further use of the allegedly privileged or otherwise protected information, shall immediately segregate the information in a manner that will prevent any further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of receiving the notice of inadvertent disclosure, the Receiving Party shall return all allegedly privileged or otherwise protected information in its possession, custody, or control, or shall provide written confirmation that all such information has been destroyed.  Within twenty (20) days of providing the notice of inadvertent disclosure, or as otherwise agreed, the Disclosing Party shall provide the Receiving Party or Parties with a privilege log identifying the allegedly privileged information that was inadvertently disclosed and the asserted grounds for privilege, or, in the case of inadvertent disclosure of otherwise protected information, shall provide a statement of the grounds for protection.  Nothing in this paragraph shall prevent a Party that has returned or destroyed inadvertently produced material pursuant to this paragraph from bringing a motion to compel production of such material after receiving a privilege log or other statement of the grounds for protection.

12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and the Court's Pilot Program for Filing Documents Under Seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 the Court's Pilot Program for Filing Documents Under Seal, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 and the Court's Pilot Program for Filing Documents Under Seal is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 and the Court's Pilot Program for Filing Documents Under Seal unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

1  attorney work product, and consultant and expert work product, even if such materials
2  contain Protected Material.  Any such archival copies that contain or constitute
3  Protected Material remain subject to this Protective Order as set forth in Section 4
4  (DURATION).
5
6  IT IS SO ORDERED.
7
   DATED: January 5, 2015                    _____/s/_____
8                                              Jacqueline Chooljian
9                                              United States Magistrate Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER GRANTING STIPULATION**
**REGARDING PROTECTIVE ORDER**

# EXHIBIT A

## CERTIFICATION AND CONFIDENTIALITY AGREEMENT

I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of COOPER INTERCONNECT, INC. v. GLENAIR, INC. ET AL., Case No. CV14-08018 RGK (JCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to treat all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with this Order, and that all such copies are to be returned or destroyed as specified in this Order on the termination of this litigation or the completion of my duties in connection with this litigation.

Date _____ _____
Signature

City and State where sworn and signed     Printed Name